# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LEWIS GREEN,**

    Plaintiff,

v.                                                                No. 18-cv-0817 GBW/SMV

**STEVE CLINGMAN and**
**SEELY OIL COMPANY,**[1]

    Defendants,

**and**

**STEVE CLINGMAN,**

    Counterclaimant,

v.

**LEWIS GREEN,**

    Counter-defendant.

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference held on March 14, 2019. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 17] is adopted, except as modified below. The Court will permit discovery as follows:

1.      20 Interrogatories by each party to any other party;

2.      20 Requests for Production by each party to any other party;

---

[1] Though Plaintiff spells Defendant Seely Oil Company's name incorrectly as "Seeley" in his original Complaint, *see* [Doc. 1]; [Doc. 6], he correctly identifies Defendant as "Seely" in his Amended Complaint. [Doc. 4]. Moreover, though the Amended Complaint's caption does not list Seely Oil Company as a defendant itself, Plaintiff's counsel made clear at the January 8, 2019 Status Conference that Plaintiff intends to sue both Clingman and Seely Oil Company. [Doc. 12] at 1.

3. No limit on the number of Requests for Admission served by each party at this time;[2]

4. 7 depositions per side;

5. Depositions limited to 7 hours of questioning on the record unless extended by agreement of the parties.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a **"standard" (150-day)** track classification. The Court sets the following case management deadlines:

| | |
|---|---|
| Plaintiff[3] moves to amend the pleadings or join additional parties by[4]: | **April 25, 2019** |
| Defendant moves to amend the pleadings or join additional parties by[4]: | **May 9, 2019** |
| Plaintiff discloses experts and provides expert reports or summary disclosures by[5]: | **June 12, 2019** |
| Defendant discloses experts and provides expert reports or summary disclosures by[5]: | **July 12, 2019** |
| Termination of discovery: | **August 12, 2019** |

---

[2] Requests for Admission are subject to the deadline for termination of discovery.
[3] Herein, the terms "Plaintiff" and "Defendant" encompass both singular and plural meanings.
[4] Amendment must comply with Fed. R. Civ. P. 15(a).
[5] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *see Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) (unpublished) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." (quoting *Witherspoon v. Navajo Refining Co.*, No. 03-cv-1160 BB/LAM, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005) (unpublished)); William P. Lynch, *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 Rev. Lit. 249 (2014).

| | |
|---|---|
| Motions relating to discovery filed by[6]: | **September 3, 2019** |
| Pretrial motions other than discovery motions filed by: | **September 12, 2019** |
| Proposed Pretrial Order due from Plaintiff to Defendant by: | **October 28, 2019** |
| Proposed Pretrial Order due from Defendant to Court by[7]: | **November 12, 2019** |

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if the deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[6] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

[7] The Proposed Pretrial Order must provide that no witnesses, except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.